FRED CHRISTIAN,           )
                     )
      Plaintiff(s),      )
                     )
     vs.              )      Case No. 4:08CV1423 JCH
                     )
FRANK BOMMARITO OLDSMOBILE, INC.  )
d/b/a BOMMARITO INFINITI,     )
                     )
      Defendant(s).     )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Fred E. Christian's Motion to Compel, filed April 13, 2009. (Doc. No. 81). This matter has been fully briefed and is ready for disposition.

## DISCUSSION

In his motion, Plaintiff seeks to compel the production of certain documents that were not produced in response to his discovery requests. After briefing, the parties appear to have resolved their discovery dispute, except for three requests, Requests #8(f), #13 and #19.

**A.      Requests #13 and #19**

The request and response for #13 are as follows:

13.      All documents relating to any complaint filed with any agency against Frank Bommarito Oldsmobile that enforces fair employment practices, including but not limited to, E.E.O.C., and Missouri Commission on Human Rights, or any other public agency.

      RESPONSE:  Defendant objects on the basis that Request #13 is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis that Request #13 is overly broad, unduly burdensome and seeks documents that are beyond its care, custody and control.

The request and response for #19 are as follows:

19.     List of all law suits involving Defendant in the last ten years

a.     Names of all parties.

b.     Nature of law suit.

c.     Names and addresses of all attorneys involved.

d.     Disposition of law suits.

e.     All documents relating to any settlement agreements.

f.     Court of jurisdiction.

RESPONSE:  Defendant objects on the basis that Request #19 is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis that Request #19 is overly broad, unduly burdensome and seeks documents that are beyond its custody, care and control.

In his Complaint, Plaintiff alleges claims for employment discrimination based upon race in his employment with Defendant. The parties have agreed to limit both of these requests to ten (10) years prior to litigation and limited Request #19 to "employment-related litigation." (Response, p. 2). Defendant requests that this Court further limit these requests to employees who are similarly situated. That is, Defendant requests that the discovery requests be limited in scope to the type of discrimination alleged or to the alleged wrongdoers. (Defendant's Suggestions in Opposition to Plaintiff's Motion to Compel ("Response"), Doc. No. 92, p. 4).

The Eighth Circuit has held that "[c]ompany-wide statistics are usually not helpful in establishing pretext in an employment-discrimination case, because those who make employment decisions vary across divisions." Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997) (district court did not abuse its discretion in limiting scope of plaintiff's discovery request to the division in which the former employee worked). One district court has noted the standard for limiting the scope of discovery in employment discrimination cases:

> [D]iscovery is typically limited to the same form of discrimination claimed by plaintiff, to the same department or agency where plaintiff worked, and to a reasonable time before and after the discrimination complained of. Additionally, in the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination the employing unit or work unit. To move beyond that focus the plaintiff and the EEOC must show a more particularized need and relevance.

EEOC v. Woodmen of the World Life Ins. Soc'y, No. 8:03CV165, 2007 U.S. Dist. LEXIS 18497, at * 9-10 (D. Neb. Mar. 15, 2007) (internal quotation marks and citations omitted).

Here, Plaintiff has failed to show a more particularized need and relevance for all complaints and lawsuits against Defendant for the last 10 years. He has not shown why information related to his particular unit or supervisors would be insufficient. Plaintiff has failed to suggest a more limited scope for Requests #13 and #19. Therefore, the Court adopts the compromise suggested by Defendant. See Response, pp. 4-5. The Court orders Defendant to produce documents related to "(i) allegations of racial discrimination (ii) against Joe Wolk or Bud Coleman (iii) within the last ten (10) years." Id.

**B.  Request #8(f)**

Request #8(f) states as follows:

f.  All documents relating to Frank Bommarito Oldsmobile Inc. including corporate tax returns, and schedules, Balance sheet, Earning statements, Sales, Profit and loss statements, and income statements for the prior five (5) years.

> RESPONSE:  Defendant objects on the basis that Request #8 is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis that Request #8 is overly broad, unduly burdensome, and seeks confidential and proprietary information. Furthermore, Plaintiff has not made the requisite showing pursuant to R.S. Mo. §510.263.8.

Plaintiff cites to case law providing that discovery of Defendant's financial information is relevant for purposes of proving punitive damages. (Plaintiff's Response to Defendant's Suggestions

in Opposition to Plaintiff's Motion to Compel ("Reply"), Doc. No. 93, p. 2). Plaintiff claims that, because a protective order is in place, Defendant should be required to provide its financial information for the last five (5) years. (Reply, pp. 2-3). In turn, Defendant requests the Court limit the scope of Plaintiff's request from January 1, 2007 to the present. (Response, p. 5).

Plaintiff is correct that "[w]hen punitive damages are claimed it is well settled that the net worth of the defendant is discoverable." Eastman Kodak Credit Corp. v. Gustin, No. 89-0355-CV-W-6, 1990 U.S. Dist. LEXIS 13500, at *2 (W.D. Mo. Oct. 9, 1990). As noted recently by this district, "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." Doe v. Young, No. 4:08CV197, 2009 U.S. Dist. LEXIS 12116, at *6 (E.D. Mo. Feb. 18, 2009).

Although Plaintiff is entitled to discovery of Plaintiff's financial information in advance of trial, the Court has the discretion to limit the scope of discovery. See Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed.R.Civ.P. 26(b)(1) (district court with discretion to limit discovery if it determines the burden or expense of the proposed discovery outweighs its likely benefit). Plaintiff has not demonstrated a need for Defendant's sensitive financial information for the past 5 years. The Court finds Plaintiff's request for Defendant's financial information for the past 5 years to be overly broad and unduly burdensome. Accordingly, the Court will deny Plaintiff's Motion to Compel production of documents related to Defendant's net worth. Defendant shall provide Plaintiff its financial information from January 1, 2007 until the present.

Upon consideration of the parties' submissions, the Court denies Plaintiff's Motion to Compel, as provided herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. No. 81) is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant shall produce documents related to allegations of racial discrimination against Joe Wolk or Bud Coleman within the last ten (10) years.

**IT IS HEREBY FURTHER ORDERED** that Defendant shall provide Plaintiff its financial information from January 1, 2007 until the present.

Dated this <u>18th</u> day of May, 2009.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE