UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED CHRISTIAN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV1423 JCH |
| ) | |
| FRANK BOMMARITO OLDSMOBILE, INC. ) | |
| d/b/a BOMMARITO INFINITI, ) | |
| ) | |
| Defendant(s). ) | |

### AMENDED MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Fred E. Christian's Motion for Certification, filed January 27, 2010 (Doc. No. 292) and Motion for Immediate Consideration of Motion for Certification (Doc. No. 293). This matter has been fully briefed and is ready for disposition.

### DISCUSSION

In his motion, Plaintiff seeks for this Court to certify that his appeal of this case is not frivolous pursuant to 28 U.S.C. § 753(f).[1] Plaintiff seeks to appeal the Court's decision to deny Plaintiff's request for appointment of counsel and the Court's rulings on several evidentiary matters

---

[1] 28 U.S.C. § 753(f) provides in relevant part:
"Each reporter may charge and collect fees for transcripts requested by the parties ... Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 U.S.C.S. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

at trial. In response, Defendant asserts that the trial transcript is not necessary to pursue Plaintiff's appeal. (Doc. No. 294).

The Court finds that Plaintiff's appeal of the Court's denial of Plaintiff's motion for appointment of counsel is frivolous and does not present a substantial question. The Court has noted several times that a plaintiff in a civil case does not have a statutory or constitutional right to counsel. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Further, Plaintiff's pleadings, legal argument and trial conduct indicate that Plaintiff was capable of presenting the facts and legal issues without the assistance of counsel. The Court denies Plaintiff's motion to certify as not frivolous his appeal regarding his request for the appointment of counsel.

The Court, however, will certify Plaintiff's appeal of the Court's evidentiary rulings at trial and at the final pretrial conference on November 12, 2009, not to be frivolous.[2] The Court finds that Plaintiff's appeal of this Court's decisions to exclude several items from evidence at trial presents a substantial question for appeal.

---

[2] In Reply (Doc. No. 295), Plaintiff attempts to broaden the scope of his appeal to "numerous evidentiary as well as procedural issues[.]" The Court limits the certification to only the evidentiary matters indicated in Plaintiff's Motion for Certification.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Certification (Doc. Nos. 292, 293) are **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY FURTHER ORDERED** that the Court will not certify Plaintiff's appeal of the Court's denial of Plaintiff's motions for appointment of counsel, and the Court will certify Plaintiff's appeal of the Court's evidentiary rulings **at trial** and **at the final pretrial conference held on November 12, 2009** to exclude several items from evidence.

Dated this 22nd day of February, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE